## PETERSON VS. MANLEY.

Where a creditor sells the property of several tenants in common as the property of one, buys it all, and asserts, on a trial, his right to the whole, the other tenant in common may recover his interest without proof of the sale or destruction of the property by the purchaser: But this court might infer that such proof was made where such inference is not excluded by the bill of exceptions.

And so where the correctness of the verdict depends upon the fact whether cotton, ginned by a third person, was still in possession of the ginner—he having no lien upon it for ginning, if it was out of his possession—this court might infer that the evidence sustained the verdict, unless the bill of exceptions excluded such inference.

On a motion for a new trial on the ground of newly discovered evidence, this court will infer that proper diligence was not used, where the new witness was one of the joint owners of the property in litigation.

*Appeal from the Circuit Court of Union County.*

Hon. LEN B. GREEN, Circuit Judge.

CARLETON, for appellant.

Mr. Justice FAIRCHILD delivered the opinion of the court.

Peterson attached nine bales of cotton as the property of McClendon, and at a sale made under the order of the Circuit Court, bought it, when Manley, claiming the entire interest of three bales of the cotton, and one-fourth part of the remaining six bales, brought this suit, an action of trespass, in the Union Circuit Court, against Peterson, and recovered judgment for a sum that the cotton he claimed would produce at the price at which the whole cotton was sold. Peterson's motion for a new trial was overruled, and he appealed to this court.

When the cotton was taken to the gin, it was there deposited by Manley and McClendon as their property, and as that of one Ridgell: that is, three bales were left as the exclusive property of Manley, and the other six bales as the property of all three—Ridgell being admitted by them to be the owner of one half, while Manley and Peterson owned the other half. This was sufficient to show Manley's interest in the cotton; and entitled him to a recovery against Peterson for its value, if the latter appropriated the cotton to his own use. And that Peterson intended, and perhaps that he effectuated this, might be inferred from his attachment and purchase of the cotton.

But Peterson insists here, as he did in the Circuit Court, that until he had sold or destroyed the cotton, he was not liable to be sued for Manley's interest in it, as that interest was a tenancy in common with Peterson, and was in existence till the sale or destruction of the cotton. Peterson attached the cotton as all belonging to McClendon, bought it all, and on the trial asserted his right to the whole, but a more precise and technical answer may be given to his objection by saying that the bill of exceptions does not show that it contains all the testimony adduced upon the trial, whence it must be inferred that evidence may have been given showing the sale or destruction of the cotton by Peterson.

This also disposes of the objection that no abatement was made from the value of Manley's interest in the cotton for the one twelfth part of it that was due or belonged to the ginner as his toll for ginning the cotton. Without doubt, as the Circuit Court instructed the jury, Manley was liable to the ginner for toll, yet it would not thence follow that the ginner could not exact toll in kind for the nine bales of cotton; and if the cotton had still been in his possession, it would have been wrong for the court to have directed the jury to include the one-twelfth of the cotton in the verdict they might find for Manley, on the ground of his continuing liability to the ginner

34

for the toll cotton. But the ginner had no lien upon the cotton after it was out of his possession; this possession may have ceased, and the bill of exceptions, in failing to show that it recited all the testimony, does not exclude the possibility of such a conclusion having been reached by other evidence.

Another ground for a new trial insisted on for Peterson, was the discovery of new evidence. Why this was not known to Peterson before the trial, we are not informed, and as the new witness was the person with whom Manley and McClendon owned the six bales of cotton, it might well be inferred that proper diligence was not used by Peterson to discover the testimony before the trial. This part of the appellant's case does not fulfill the exactions of the law as declared in *Burriss vs. Wise*, 2 *Ark.* 42, and other decisions of this court.

The judgment of the Circuit Court of Union county is affirmed.